95881-10

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JUSTIN C. KIRBY,  CASE NO.:

    Plaintiff,

v.

ANN M. DURKIN,

    Defendant.
_____/

**DEFENDANT'S NOTICE OF REMOVAL**

COMES NOW, Defendant, ANN M. DURKIN., by and through its undersigned counsel and hereby files this Notice of Removal, pursuant to 28 U.S.C. § 1332, § 1441, and § 1446. As grounds in support thereof, Defendant respectfully shows this Court as follows:

**I. PROCEDURAL HISTORY**

1. On June 23, 2019, the Defendant was notified that service had been perfected on the Defendant on June 19, 2020. (See Email from Katz and Green dated June 23, 2020, attached hereto as Exhibit "A").

2. In the Complaint, Plaintiff alleges that on October 17, 2019, while crossing International Speedway Blvd. in Daytona Beach Florida, the Plaintiff was "struck by a vehicle owned and operated by ANN M. DURKIN." (Pl.'s Compl. ¶ 4, attached hereto as Exhibit "B"). Plaintiff claims that the Defendant failed to "watch traffic conditions," noting that the Plaintiff was "visible well before he walked into Ms. Durkin's lane." (Id. at ¶ 5). As a result of the accident, Plaintiff claims to have suffered, "bodily injury and resulting pain and suffering; disability; disfigurement; mental anguish; loss of capacity for the enjoyment of life; expense of

CASE NO. 2020 30485 CICI

hospitalization, medical and chiropractic care, home care, and nursing care and treatment; loss of income and earning capacity; and aggravation of pre-existing condition (if any)." (Id. at ¶ 7).

3. Plaintiff's Complaint was filed in the Circuit Court, Seventh Judicial Circuit, in and for Volusia County. The pending state action is styled as follows: *Kirby, Justin, v. Durkin, Ann,* Case No. 2020-30485-CICI. Defendant responded to Plaintiff's Complaint with its Answer with Affirmative Defenses on July 6, 2020.

4. In Plaintiff's Civil Cover Sheet filed contemporaneously with the Complaint on April 8, 2020, the Plaintiff estimated the amount of the claim to be $1,000,000. (See Plaintiff's Civil Cover Sheet, attached hereto as Exhibit "C"). In the Plaintiff's Complaint, Plaintiff alleges that at the time of the accident, JUSTIN KIRBY was a resident of Volusia County, Florida, and the Defendant, ANN DURKIN was a resident of West Boylston, Massachusetts. (Pl.'s Compl. ¶ 1-2). Therefore, at earliest, the instant matter first presented as removable upon perfected service of the Complaint on June 19, 2020.

## II. LEGAL STANDARD AND CITATIONS OF AUTHORITY

5. Unless otherwise prohibited by Congress, any civil case filed in state court may be removed to federal court by the defendant if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a). In order for a federal court to have subject matter jurisdiction over a case pursuant to 28 U.S.C. § 1332, the amount in controversy must exceed $75,000, exclusive of interest and costs, and there must be complete diversity of citizenship. 28 U.S.C. § 1332; see also Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010) (stating "[f]or federal diversity jurisdiction to attach, all parties must be completely diverse, and the amount in controversy must exceed $75,000"). "[I]f the case stated by the initial

CASE NO. 2020 30485 CICI

pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

### A. Complete diversity exists between Plaintiff and Defendant.

6. This Court has original jurisdiction over the above-described state court action by virtue of the provisions set forth in 28 U.S.C. § 1332. At the time suit was filed and at all times material, the parties were (and remain) completely diverse. Plaintiff is a citizen of Florida and resident of Volusia County, Florida. (Pl.'s Compl. at ¶ 1). As alleged by the Plaintiff in the Complaint, the Defendant was and continues to be a resident of West Boylston, Massachusetts. (Pl.'s Compl. at ¶ 2). Finally, as discussed further below, the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, in accordance with 28 U.S.C. § 1446 and § 1441, this matter is properly removable by the Defendant to the United States District Court, Middle District of Florida, Jacksonville Division.

### B. The amount in controversy exceeds $75,000, exclusive of interest and costs.

7. In Plaintiff's Civil Cover Sheet filed contemporaneously with the Complaint, the Plaintiff estimated the amount of the claim, rounded to the nearest dollar to be $1,000,000.00, clearly exceeding the amount in controversy requirement of $75,000.00 necessary to meet diversity jurisdiction, thereby making this case removable on its face. (See Exhibit C). By way of Plaintiff's Complaint and Plaintiff's Civil Cover Sheet, Defendant was first put on notice that this case after service was perfected on June 19, 2020. 28 U.S.C. § 1446(b)(1). Therefore, the instant Notice of Removal is within thirty (30) days and is thereby timely. (Id.)

CASE NO. 2020 30485 CICI

8. Moreover, it is Defendant's burden to put forth evidence sufficient to establish the amount in controversy, "more likely than not," exceeds the jurisdictional minimum. To do so, Defendant has a duty to set forth more than mere conclusory allegations. See e.g., Lowery v. Alabama Power Co., 483 F.3d 1184, 1217 (11th Cir.2007) (stating, "Though the defendant in a diversity case...may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists."); Williams v. Best Buy Co., Inc., 269 F.3d 1316 (11th Cir. 2001) (finding conclusory allegations by the defendant in a notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to establish the amount in controversy). On July 7, 2020, Defendant served Jurisdictional Requests for Admissions to the Plaintiff to gather additional evidence to support its Notice of Removal; however, the Defendant has yet to receive Plaintiff's Responses to the Jurisdictional Requests for Admissions, and therefore, the Defendant must rely on the Complaint and Civil Cover Sheet to support its motion for removal. (See Defendant's Requests for Admissions served July 7, 2020, attached hereto as Exhibit "D").

9. Utilizing Plaintiff's estimate in the Civil Cover Sheet of $1,000,000.00, the amount in controversy requirement of $75,000.00 is clearly exceeded, making this case appropriate for removal.

10. At this early stage of litigation, the Defendant is unaware of the nature or severity of the Plaintiff's alleged injuries, and has not had the benefit of any billing and/or medical records; without this benefit, the above-described evidence combined with reasonable deductions shows the jurisdictional minimum is satisfied. See e.g., Roe v. Michelin North Am., Inc., 613

- 4 -

CASE NO. 2020 30485 CICI

F.3d 1058, 1061 (11th Cir. 2010) ("Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations'" in determining the propriety of removal); Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754-55 (11th Cir.2010) (acknowledging it is sufficient for a removing defendant to establish the jurisdictional amount through specific factual allegations that are supportable by way of "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations"); Maiz v. Virani, 253 F.3d 641, 664 (11th Cir.2001) ("[s]uffice it to say that while damages may not be determined by mere speculation or guess, it will be enough if the evidence shows the extent of the damages as a matter of just and reasonable inference.").

11. Specifically, based on the Plaintiff's current estimated damages, which will become definite as discovery progresses, Defendant submits the jurisdictional amount is satisfied. Federal courts agree that admissions and allegations in the Complaint may be viewed in their entirety to determine whether the jurisdictional is satisfied. See e.g., Taylor v. Tractor Supply Co., 2014 WL 5473558 (M.D. Fla. 2014) (finding plaintiff's response to defendant's request for admissions, coupled with the allegations in the Complaint, satisfied the jurisdictional amount); Stephenson v. Amica Mut. Ins. Co., 2014 WL 4162781 (finding the allegations in the complaint, presuit demand, and equivocal discovery responses, taken together, sufficiently demonstrated the jurisdictional amount); Marlin VI Princess Deep Sea Fishing, LLC, 2013 WL 5920269 *1, 3 (finding "the Complaint, coupled with the Plaintiffs' Responses to Defendant's Request for Admission, provide[d] sufficient evidence…to conclude that the Plaintiffs, if they prevailed, are more likely than not to recover more than the amount in controversy requirement."); Diaz v. Big Lots Stores, Inc., 2010 WL 6793850 *1, 3 (M.D. Fla. 2010) (finding

CASE NO. 2020 30485 CICI

a plaintiff's responses to defendant's request for admissions to be "strong evidence that the amount in controversy requirement has been met.").

12. Indeed, when a party files the Civil Cover Sheet, the filing attorney must *certify* that the information that was provided therein "is accurate to the best of [his or her] knowledge and belief." (See Exhibit C). The instant Civil Cover Sheet was executed by the Plaintiff's attorney of record on April 8, 2020.

### III. CONCLUSION

13. Consistent with the foregoing, Defendant submits removal of the pending state action to federal court is appropriate. There is complete diversity of citizenship and the amount in controversy, more likely than not, exceeds $75,000 exclusive of interest and costs.

14. Per Local Rule 4.02, true and correct copies of "all process, pleadings, orders, and other papers or exhibits of every kind" presently on file with the state court are attached hereto as Exhibit "E"). Accompanying the Notice of Removal is a Civil Cover Sheet and a check in the amount the required filing fee under the Local Rules and 28 U.S.C. § 1914.

Respectfully submitted,

WICKER, SMITH, O'HARA, MCCOY
& FORD, P.A.
Attorneys for Defendant, Ann Durkin
50 N. Laura St., Suite 2700
Jacksonville, FL 32202

By: _____
Richard E. Ramsey, Esquire
Florida Bar No.: 715026

CASE NO. 2020 30485 CICI

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 20, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

WICKER, SMITH, O'HARA, MCCOY & FORD, P.A.
Attorneys for Defendant, Ann Durkin
50 N. Laura St., Suite 2700
Jacksonville, FL 32202
Phone: (904) 355-0225
Fax: (904) 355-0226

By: _____
Richard E. Ramsey, Esquire
Florida Bar No.: 715026

## SERVICE LIST

Jeffrey K. Green, Esq.
Law Offices of Katz & Green
B. Paul Katz Professional Center
1 Florida Park Drive South, Atrium Suite
Jacksonville, Florida 32207
Phone: (386)446-4469
Fax: (386) 445-9986
E-Mail: linda@katzandgreen.com
Attorney for Plaintiff